UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES DELANEY,

        Plaintiff,

– against –

UNITED STATES OF AMERICA,

        Defendant.

**ORDER**

17 Civ. 3013 (ER)

RAMOS, D.J.:

On April 25, 2017, James Delaney filed a complaint against the United States of America for medical malpractice and related claims resulting from his treatment at the James J. Peter VA Medical Center.  Doc. 1.  On May 23, 2019, Plaintiff's counsel requested to withdraw as counsel citing a breakdown of communication with Plaintiff.  Doc. 17.  At an October 18, 2019 conference, Plaintiff's counsel informed the Court that he had been unable to contact Plaintiff and Plaintiff was not in attendance.  Doc. 19.  That same day, the Court issued an order directing Plaintiff to inform the Court within thirty days whether he intended to keep his current counsel, retain new counsel, or proceed *pro se*.  *Id.*  The Court also warned Plaintiff that "[f]ailure to respond to this order may result in the dismissal of his action in its entirety for failure to prosecute."  *Id.* at 2.  Plaintiff never responded to the order, or otherwise contacted the Court.  Because Plaintiff has failed to prosecute his case for over a year, the Court dismisses his claims with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

**I.     Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,

> (2) whether plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II.     Discussion

Each of the five *LeSane* factors weighs in favor of dismissal here. *First*, Plaintiff has neither complied with the Court's order, nor been in contact with the Court for over a year. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b)). *Salem v. City of New York*, No. 16 Civ. 7562 (JFK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (collecting cases); *see also Honsacker v. The City of New York*, 16 Civ. 3127 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020); *Abreu v. NYC DOC*, No. 19 Civ. 2990 (ER), 2020 WL 4015739, at *1 (S.D.N.Y. July 16, 2020).

*Second*, Plaintiff was given notice that his case could be dismissed for failure to prosecute if he did not contact the Court. The Court specifically warned Plaintiff that "[f]ailure to respond to [the Court's October 18, 2019] order may result in the dismissal of his action in its entirety for failure to prosecute." Doc. 19 at 2. Despite this warning, Plaintiff has not made any contact with the Court.

*Third*, prejudice can be presumed from Plaintiff's unreasonable delay. *Honsacker*, 2020 WL 6082094, at *3 (citing *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993)); *Abreu*, 2020 WL 4015739, at *2; *Salem*, 2017 WL 6021646, at *3.

*Fourth*, Plaintiff has not taken advantage of his "right to due process and a fair chance to be heard[.]" *LeSane*, 239 F.3d at 209.  Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000); *see also Honsacker*, 2020 WL 6082094, at *3 (citations omitted).

*Fifth*, weaker sanctions than dismissal are no remedy for Plaintiff's persistent failure to prosecute.  Plaintiff has been unresponsive for over a year, despite the Court's warning that failure to respond to its orders could result in dismissal.  Even *pro se* plaintiffs must comply with court orders. *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (collecting cases).

For all of these reasons, the Court dismisses Plaintiff's case with prejudice.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: November 20, 2020
New York, New York

EDGARDO RAMOS, U.S.D.J.

3